OGONNA M. BROWN, ESQ. (Nevada Bar No. 7589)
Email: obrown@nevadafirm.com
RACHEL E. DONN, ESQ. (Nevada Bar No. 10568)
Email: rdonn@nevadafirm.com
SEAN E. STORY, ESQ. (Nevada Bar No. 13968)
Email: sstory@nevadafirm.com
HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912
*Attorneys for Defendants - Juan Carrillo Sotelo
d.b.a. Sotelo Air; Sotelo Air, Inc. d.b.a. Cool Air Now;
Juan Carrillo Sotelo, Now Services of Nevada, LLC*



# UNITED STATED DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Trustees of the Plumbers and Pipefitters Union Local 525 Health and Welfare Trust and Plan; Trustees of the Plumbers and Pipefitters Union Local 525 Pension Plan; and the Trustees of the Plumbers and Pipefitters Local Union 525 Apprentice and Journeyman Training Trust for Southern Nevada,<br><br>      Plaintiffs,<br>vs.<br><br>Juan Carrilio Sotelo dba Sotelo Air; Sotelo Air, Inc., dba Cool Air Now; Aegis Security Insurance Company, a Pennsylvania corporation; American Safety Casualty Insurance Company, a Georgia Corporation,<br>      Defendants. | CASE NO. 2:13-cv-00657-RFB-NJK<br><br>**Consolidated With:**<br><br>CASE NO. 2:14-cv-01609-RFB-NJK<br><br>**EMERGENCY MOTION FOR EXTENSION OF TIME:**<br><br>**1) TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT [DKT. 85] AND (FIRST REQUEST)**<br><br>**2) TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT [2:14 DKT. 18] AND (FIRST REQUEST)**<br><br>**3) TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT [DKT. 109].**<br>**(SECOND REQUEST)** |
| Trustees of the Plumbers and Pipefitters National Pension Fund and International Training Fund,<br><br>      Plaintiffs,<br>vs.<br><br>Juan Carrilio Sotelo dba Sotelo Air; Sotelo Air, Inc. dba Cool Air Now; Juan Carrilio Sotelo, an individual; John Does I-X and Roe Corporations I-X, inclusive,<br><br>      Defendants. | |

11486-01/1663793.doc      - 1 -

## EMERGENCY MOTION FOR EXTENSION OF TIME

Pursuant to LR 6-1, Defendants Juan Carrillo Sotelo d.b.a. Sotelo Air; Sotelo Air, Inc. d.b.a. Cool Air Now; Juan Carrillo Sotelo and Now Services of Nevada, LLC (collectively "Defendants"), by and through their attorneys of record, the law firm of HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON, hereby submit this Emergency Motion for Extension of Time: 1) to file a reply in support of its Motion to Dismiss Amended Complaint [Dkt. 85]; 2) to file a reply in support of its Motion to Dismiss Amended Complaint [filed in 2:14 case as Dkt. 18] and 3) to file a response to the Trustees of the Plumbers and Pipefitters National Pension Fund and International Training Funds ("National Plaintiffs") Motion for Summary Judgment [Dkt. 109]. The filing date of the Motion to Dismiss Amended Complaint [Dkt. 85] was October 5, 2015. The filing date of the Motion to Dismiss Amended Complaint [2:14 Dkt. 18] was October 26, 2015. The filing date of the Motion for Summary Judgment [Dkt. 109] was January 14, 2016.[1]

This Emergency Motion for Extension of Time ("Motion") is made and based upon the following Memorandum of Points and Authorities, the Affidavit of Sean E. Story, Esq. in Support of Emergency Motion for Extension, attached hereto as **Exhibit A**, the pleadings and motion papers before this Court, and any oral argument presented at hearing on this Motion.

DATED this 15th day of March, 2016.

HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON

/s/ Sean E. Story, Esq.
OGONNA M. BROWN, ESQ. (NBN 7589)
RACHEL E. DONN, ESQ. (NBN 10568)
SEAN E. STORY, ESQ. (NBN 13968)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
*Attorneys for Defendants - Juan Carrillo Sotelo d.b.a. Sotelo Air; Sotelo Air, Inc. d.b.a. Cool Air Now; Juan Carrillo Sotelo, Now Services of Nevada, LLC*

---

[1] Pursuant to LR 6-1, in a motion seeking to extend the time to file an opposition or reply to a motion, a party "must state in its opening paragraph the filing date of the motion." LR 6-1(d).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion, Defendants seek to have this Court grant an additional thirty (30) days to file replies in support of Defendants' two pending motions to dismiss and a response to the National Plaintiffs' pending Motion for Summary Judgment. Defendants' prior counsel filed a Motion to Withdraw as Attorney ("Motion to Withdraw") shortly after the deadline for filing the replies. This Court set a hearing on the Motion to Withdraw and it was during this period that the National Plaintiffs filed their Motion for Summary Judgment. Defendants' prior counsel was therefore in the process of seeking to withdraw just after missing the deadlines for filing the replies and Defendants were unrepresented when the deadline for filing the response to the Motion for Summary Judgment passed. As a result, Defendants respectfully request the extensions as stated above to allow these matters to be heard on their merits.

## II. STATEMENT OF FACTS

Defendants' prior counsel filed a Motion to Dismiss Amended Complaint in Case No. 2:13-cv-00657-RFB-NJK ("2:13 Case") on October 5, 2016 and a Motion to Dismiss Amended Complaint in Case No. 2:14-cv-01609-RFB-NJK ("2:14 Case") on October 26, 2015 (collectively the "Motions to Dismiss"). Those cases have been consolidated with the 2:13 case, which is now serving as the lead case. The National Plaintiffs filed responses to each motion on October 26, 2015 and November 12, 2015 respectively.

On January 4, 2016, Defendants' prior counsel filed a Motion to Withdraw as Attorney ("Motion to Withdraw") and this Court set a hearing regarding the motion for January 26, 2016. The Motion to Withdraw was ultimately granted at the hearing, allowing Defendants' prior counsel to withdraw from the case. The deadlines for filing replies in support of the Motions to Dismiss passed recently before Defendants' prior counsel filed his Motion to Withdraw. As this Court has not yet heard argument on either of the Motions to Dismiss and Defendants' prior counsel has since withdrawn, Defendants believe good cause exists for this Court to grant an extension of time to allow Defendants to file replies in support of the pending Motions to Dismiss. Further, granting such an extension would be consistent with this Court's preference

for deciding matters on the merits.

On January 14, 2016, after the hearing was set on the Motion to Withdraw, but before the actual date of the hearing, the National Plaintiffs filed a Motion for Summary Judgment. This Court ultimately granted the prior counsel's Motion to Withdraw on January 26, 2016 and further ordered that Defendants had until February 25, 2016 to retain new counsel. Defendants encountered some difficulties in retaining new counsel and, as a result, this Court granted an extension of time until March 10, 2016 to do so. Defendants have now retained new counsel and believe that the timing of the Motion for Summary constitutes good cause for granting Defendants an extension to file a response. A hearing had already been set on prior counsel's Motion to Withdraw at the time the Motion for Summary Judgment was filed and, once that motion was granted, Defendants were unrepresented until March 10, 2016. Further, since one of the defendants is a corporation, it could not proceed without counsel.

Because Defendants' prior counsel withdrew shortly after the deadlines for filing replies in support of the Motions to Dismiss and because the National Defendants filed their Motion for Summary Judgment shortly after Defendants' prior counsel had filed a Motion to Withdraw and a hearing had been set on that motion, Defendants believe that good cause exists and respectfully request that this Court grant extensions of time of thirty (30) days to file the aforementioned responses. Additionally, new counsel was just retained on or about March 10, 2016 and needs some time to review the voluminous documents involved in this case in order to furnish its responses.

### III. ARGUMENT

LR 6-1(b) provides, in relevant part:

> Every motion or stipulation to extend time shall inform the court of any previous extensions granted and state the reasons for the extension requested. A request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect.

In this District, "there is a strong preference that federal courts decide cases on the merits." *Blanford v. SunTrust Mortg., Inc.*, 2:12-CV-852 JCM RJJ, 2012 WL 4613023, at *1 (D. Nev. Oct. 1, 2012) (*citing Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986)); *see also*

*Rathnayake v. Farmers Ins. Exch.*, 2-13-CV-765-JAD-GWF, 2014 WL 3897960, at *3 (D. Nev. Aug. 11, 2014) (recognizing the "preference to decide cases on their merits."). Withdrawal of counsel or failure of counsel to timely file has been held to be sufficient grounds for granting an extension of time to file a notice of appeal. *See e.g. Forrest v. Corr. Corp. of Am.*, 1:05-CV-1797SEBJMS, 2008 WL 821733, at *3 (S.D. Ind. Mar. 26, 2008); *United States v. Beslow*, 92-5350, 1992 WL 240682, at *2 (4th Cir. 1992) (finding "that the district court abused its discretion in denying [party's] request for an extension" after "counsels' failure to continue representation"); *Griffin v. George Buck Consulting Actuaries, Inc.*, 573 F.Supp. 1134 (S.D.N.Y.1983); *see also United States v. Houser*, 804 F.2d 565, 569 (9th Cir. 1986) (finding excusable neglect where party filed notice of appeal after learning that his counsel had failed to do so before the deadline).

Withdrawal of counsel has also constituted good cause to amend a scheduling order. *See Pajouh v. California Bus. Bureau, Inc.*, 13CV2521-WQH-JLB, 2014 WL 4961472, at *2 (S.D. Cal. Oct. 3, 2014) (granting leave to amend despite passage of deadline in scheduling order after counsel had been permitted to withdraw); *Kee v. Fifth Third Bank*, No. 2:06–cv–00602–DAK–PMW, 2008 WL 183384, at *1 (D.Utah Jan. 17, 2008); *Meeper, LLC v. Powers*, 12-CV-01732-WYD-KMT, 2015 WL 4940972, at *4 (D. Colo. Aug. 20, 2015) (finding erroneous the magistrate judge's ruling that party did not show good cause to amend scheduling order when counsel was granted leave to withdraw). This is due, in part, to the need to provide adequate time for a party to obtain counsel, and for counsel to become sufficiently familiar with a matter to give informed advice, can also provide good cause for an extension of time. *See Sherrod v. Breitbart*, 720 F.3d 932, 937 (D.C. Cir. 2013) (noting that court granted extension of time where defendant "had only recently obtained counsel").

On January 4, 2016, Defendants' prior counsel filed a Motion to Withdraw [Dkt. 104]. On January 5, 2016, this Court set a hearing regarding Defendants' counsel's Motion to Withdraw for January 26, 2016 [Dkt. 105]. Defendants therefore believe that the close proximity in time to the deadlines for filing replies to the Motions to Dismiss and prior counsel's Motion to Withdraw constitutes good cause for this Court to grant Defendants an extension of time to file

11486-01/1663793.doc

replies in support of the Motions to Dismiss. On October 26, 2015, this Court issued an Order granting a stipulation [Dkt. 92] to allow the National Plaintiffs additional time to file a response to the motion to dismiss. Therefore, this Court has already recognized the value in allowing this motion to be fully briefed. In addition, this case was in default until this Court issued its Order on November 18, 2015 [Dkt. 100], granting a stipulation to withdraw the default. All of these factors, coupled with this Court's preference for deciding cases on the merits, support a finding that Defendants' failure to respond constituted, at most, excusable neglect and should warrant the granting of an extension.

This Court should grant Defendants an extension of time to file a response to the National Plaintiffs' Motion for Summary Judgment. As discussed above, the National Plaintiffs filed their Motion for Summary Judgment [Dkt. 109] on January 14, 2016, after Defendants' prior counsel had filed a Motion to Withdraw [Dkt. 104] and before the hearing date set by this Court on the motion to withdraw [Dkt. 105]. The timing of the National Plaintiffs' Motion for Summary Judgment alone should constitute good cause for granting an extension of time to file a response as Defendants' prior counsel had already filed the Motion to Withdraw.

This Court granted a Stipulation for Extension of Time [Dkt. 112] regarding the Motion for Summary Judgment. The Order [Dkt. 113], dated January 25, 2016, set a new deadline of February 26, 2016 for Defendants to file a response to the Motion for Summary Judgment. However, as this Court is aware, Defendants had difficulties retaining replacement counsel and, on February 26, 2016 were granted an extension of time [Dkt. 116] until March 10, 2016 to do so. It was during this time, when Defendants were unrepresented, that the stipulated extension deadline of February 26, 2016 to file a response to the Motion for Summary Judgment expired. Plaintiffs were unrepresented during this time. Therefore, good cause exists for this Court to grant Defendants, who are now represented by counsel, an extension of time to file a response to the National Plaintiffs' Motion for Summary Judgment.

A corporation cannot appear in federal court without counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–202 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only

through licensed counsel."); *BAC Home Loan Servicing, LP v. Advanced Funding Strategies, Inc.*, 2:13-CV-00722-JAD, 2013 WL 6844766, at *5 (D. Nev. Dec. 27, 2013) ("a corporation may not appear in federal court except through counsel."). Sotelo Air, Inc., one of the defendants, is a corporation. Therefore, during the time that Defendants were unrepresented, Sotelo Air, Inc. was unable to proceed in the case.

For all of the foregoing reasons, Defendants believe that sufficient good cause exists to grant an emergency extension to allow Defendants an additional thirty (30) days to submit its responses and replies in support of the aforementioned motions pending before this Court and that Defendants' failure to file these papers prior to the deadlines constitutes, at most, excusable neglect.

### IV. CONCLUSION

Defendants' prior counsel withdrew only shortly after the deadline passed for filing replies in support of the Motions to Dismiss. Moreover, the National Plaintiffs filed their Motion for Summary Judgment after Defendants' prior counsel filed the Motion to Withdraw and this Court set hearing for that motion. The deadline for filing the response passed while Defendants were seeking to retain new counsel. Therefore, good cause exists for granting an extension of time of thirty (30) days for Defendants to file replies in support of the Motions to Dismiss and a response to the National Plaintiffs' Motion for Summary Judgment.

DATED this 15th day of March, 2016.  **HOLLEY DRIGGS WALCH**
                                                         **FINE WRAY PUZEY & THOMPSON**

IT IS SO ORDERED:            /s/ Sean E. Story, Esq.
                                       OGONNA M. BROWN, ESQ.
                                       Nevada Bar No. 7589



RICHARD F. BOULWARE, II       RACHEL E. DONN, ESQ.
United States District Judge          Nevada Bar No. 10568
                                       SEAN E. STORY, ESQ.
DATED this 24th day of March, 2016.   Nevada Bar No. 13968
                                       400 South Fourth Street, Third Floor
                                       Las Vegas, Nevada 89101
                                       *Attorneys for Defendants - Juan Carrillo Sotelo d.b.a. Sotelo Air; Sotelo Air, Inc. d.b.a. Cool Air Now; Juan Carrillo Sotelo, Now Services of Nevada, LLC*

# CERTIFICATE OF SERVICE

I am an employee of Holley Driggs Walch Fine Wray Puzey & Thompson. On March 15, 2016, I caused a true and correct copy of the foregoing **EMERGENCY MOTION FOR EXTENSION OF TIME** to be served in the following manner:

☒ ELECTRONIC SERVICE: Pursuant to Local Rule LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced Document(s) into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

By: */s/ Cynthia Kelley*

# EXHIBIT A

# EXHIBIT A



1  OGONNA M. BROWN, ESQ. (Nevada Bar No. 7589)
   Email: obrown@nevadafirm.com
2  RACHEL E. DONN, ESQ. (Nevada Bar No. 10568)
   Email: rdonn@nevadafirm.com
3  SEAN E. STORY, ESQ. (Nevada Bar No. 13968)
   Email: sstory@nevadafirm.com
4  HOLLEY DRIGGS WALCH
   FINE WRAY PUZEY & THOMPSON
5  400 South Fourth Street, Third Floor
   Las Vegas, Nevada  89101
6  Telephone:     702/791-0308
   Facsimile:      702/791-1912
7  *Attorneys for Defendants - Juan Carrillo Sotelo*
   *d.b.a. Sotelo Air; Sotelo Air, Inc. d.b.a. Cool Air Now;*
8  *Juan Carrillo Sotelo, Now Services of Nevada, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Trustees of the Plumbers and Pipefitters Union Local 525 Health and Welfare Trust and Plan; Trustees of the Plumbers and Pipefitters Union Local 525 Pension Plan; and the Trustees of the Plumbers and Pipefitters Local Union 525 Apprentice and Journeyman Training Trust for Southern Nevada, | CASE NO. 2:13-cv-00657-RFB-NJK<br><br>**Consolidated With:**<br><br>CASE NO. 2:14-cv-01609-RFB-NJK<br><br>**AFFIDAVIT OF SEAN E. STORY, ESQ. IN SUPPORT OF EMERGENCY MOTION FOR EXTENSION OF TIME** |
| Plaintiffs,<br>vs.<br><br>Juan Carrilio Sotelo dba Sotelo Air; Sotelo Air, Inc., dba Cool Air Now; Aegis Security Insurance Company, a Pennsylvania corporation; American Safety Casualty Insurance Company, a Georgia Corporation,<br><br>Defendants. | |
| Trustees of the Plumbers and Pipefitters National Pension Fund and International Training Fund,<br><br>Plaintiffs,<br>vs.<br><br>Juan Carrilio Sotelo dba Sotelo Air; Sotelo Air, Inc. dba Cool Air Now; Juan Carrilio Sotelo, an individual; John Does I-X and Roe Corporations I-X, inclusive,<br><br>Defendants. | |

11486-01/1664594.doc                    - 1 -

# AFFIDAVIT OF SEAN E. STORY, ESQ. IN SUPPORT OF EMERGENCY MOTION FOR EXTENSION OF TIME

STATE OF NEVADA      )
                     )ss.
COUNTY OF CLARK      )

I, Sean E. Story, under oath and under penalty of perjury say:

1. I am an attorney with the law firm Holley Driggs Walch Fine Wray Puzey & Thompson ("Holley Driggs Walch"), attorneys of record for Defendants Juan Carrillo Sotelo dba Sotelo Air; Sotelo Air, Inc. dba Cool Air Now; and Juan Carrillo Sotelo in the above-referenced matter.

2. The office address for Holley Driggs Walch is 400 South Fourth Street, Suite 300, Las Vegas, Nevada 89101 and the telephone number is (702) 791-0308.

3. I have personal knowledge of the facts set forth in this Affidavit except as to those matters based upon information and belief, and as to those matters, I believe them to be true and correct. If called as a witness to testify, I could and would truthfully testify to the facts set forth herein.

4. I make this affidavit in support of Defendants' Emergency Motion for Extension of Time ("Motion for Extension").

5. Defendants retained Holley Driggs Walch after, upon information and belief, their prior counsel withdrew from the above-captioned case.

6. On March 14, 2016, I placed a telephone call to the office of Christensen James & Martin, counsel of record for the Trustees of the Plumbers and Pipefitters National Pension Fund and International Training Funds ("National Plaintiffs") seeking to obtain a stipulation regarding the Motion for Extension. Counsel was unavailable at the time of my phone call and I left a message with staff.

7. As of the signing of this Affidavit, I have not received a return phone call from National Plaintiffs' counsel.

8. The office address of Christensen James & Martin is 7440 West Sahara Avenue, Las Vegas, Nevada 89117 and the telephone number is (702) 255-1718.

11486-01/1664594.doc

- 2 -

9. On March 14, 2016, I placed a telephone call to the office of Brownstein Hyatt Farber Schreck, LLP, counsel of record for the Trustees of the Plumbers and Pipefitters Union Local 525 Health and Welfare Trust and Plan, Trustees of the Plumbers and Pipefitters Local 525 Pension Plan, and Trustees of the Plumbers and Pipefitters Local Union 525 Apprentice and Journeyman Training Trust for Southern Nevada (collectively the "Local Plaintiffs") seeking to obtain a stipulation regarding the Motion for Extension. I was directed by staff to a voicemail box and left a voicemail message.

10. As of the signing of this Affidavit, I have not received a return phone call from Local Plaintiffs' counsel.

11. The office address for Brownstein Hyatt Farber Schreck, LLP is 100 North City Parkway, Suite 1600, Las Vegas, Nevada, 89106-4614 and the telephone number is (702) 382-2101.

12. Due to the potentially dispositive nature of the motions pending in this matter, the Motion for Extension needs to be heard on an emergency basis.

13. I have, as of the time of signing this Affidavit, been unable to resolve this matter without court action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
SEAN E. STORY, ESQ.

SUBSCRIBED and SWORN to before me this 15th day of March, 2016 by Sean E. Story, Esq.

_____
NOTARY PUBLIC



S. RENEE HOBAN
NOTARY PUBLIC
STATE OF NEVADA
APPT # 94-2190-1
EXP. NOV. 5, 2018

11486-01/1664594.doc              - 3 -